**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO.   2:22 CR 00170 |
| Plaintiff, | : | |
| v. | : | JUDGE MICHAEL H. WATSON |
| **SAMUEL REDEA GEBRE,** | : | |
| Defendant. | : | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its position concerning the sentencing of Defendant Samuel Gebre. This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing on this matter.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    s/Elizabeth A. Geraghty
    ELIZABETH A. GERAGHTY (0072275)
    S. COURTER SHIMEALL (0090514)
    Assistant United States Attorneys
    Attorney for Plaintiff
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 469-5715
    E-mail: Elizabeth.Geraghty@usdoj.gov

1

**MEMORANDUM**

I. **BACKGROUND**

On September 8, 2022, the United States Attorney's Office filed a one-count information against the defendant Samuel Redea Gebre ("Gebre") charging him with Possess with Intent to Distribute Methamphetamine, in violation of 21 United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

On November 2, 2022, pursuant to a Rule 11(c)(1)(A) plea agreement, Gebre entered a plea of guilty to Count 1.

As set forth in the PSR, the Probation Department calculated a net offense level of 39 and a criminal history category of V resulting in an advisory guideline range of 360 months to life imprisonment.  There are no objections to the PSR. The United States would submit that the probation officer properly calculated the guidelines.

With this memorandum, the United States respectfully requests this Court to impose a sentence within the guideline range.

II. **SENTENCING FACTORS**

The Supreme Court has declared:  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.  This court must also consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B)    to afford adequate deterrence to criminal conduct;
      (C)    to protect the public from further crimes of the defendant; and
      (D)    the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentences and the sentencing range established for the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines;

(5)    any pertinent policy statements;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

**A.**     **Nature and Circumstances of Offense**

The PSR accurately sets forth the offense conduct that occurred in April 2020, taking place in the Southern District of Ohio. While Gebre was being held in the Franklin County Corrections Center, he was instructing his girlfriend to locate methamphetamine that was stored at their residence and meet with unknown persons to distribute the methamphetamine. (PSR, ¶¶ 11-16). A search warrant was obtained for the residence and executed on April 17, 22 and 23, 2020. DEA agents recovered a hydraulic press, numerous firearms and approximately 21.2 grams of methamphetamine with 100% purity, approximately 348.3 grams of methamphetamine with 100% purity, approximately 1,492.5 grams of methamphetamine with 96% purity and approximately 1.078 grams of fentanyl. (PSR, ¶¶ 17-19).

**B.     History and Character of Defendant**

As to the history and character of the defendant, the United States relies on the information learned during the course of the investigation, and facts contained in the PSR. Gebre is currently 35 years of age and was born in Sudan. His family immigrated to the United States when he was five years old, and he was raised in Columbus.  (PSR, ¶72).  Gebre has a lengthy criminal history starting at the age of eighteen and was first incarcerated at age 27.  Gebre was also placed on court ordered supervision numerous times with no avail. (PSR, ¶44-62).

Gebre has been using marijuana since the age of 15 and participated in substance abuse treatment. As seen by the multiple driving while under the influence convictions, Gebre's ongoing abuse of alcohol has been plaguing him since the age of 23. (PSR, ¶¶ 49,88).

According to the PSR, Gebre was a student at the Columbus City Schools and graduated from Independence High School in 2006. He has also completed several courses at Columbus State Community College.  (PSR, ¶ 91).

**C.     Need for Sentence Imposed**

The crime to which Gebre pled guilty is very serious – in particular because of the type and amount of the drugs involved. By engaging in this activity while incarcerated on numerous occasions, the volume of the drugs involved, and the presence of firearms is disconcerting to the government.  The fact that Gebre was so bold as to orchestrate his DTO from inside the Franklin County jail while on recorded calls makes this case especially egregious.

Given the circumstances of this case, a term of imprisonment of 360 months, which falls within the range calculated by probation is necessary to adequately address the 3553(a) factors.  A term of imprisonment will certainly promote respect for the law.  The sentence itself will provide deterrence specifically to Gebre and generally to others knowledgeable of the facts.  Further, the

defendant will be able to receive treatment while incarcerated at a Bureau of Prisons facility.

**D.    Guidelines Are Reasonable and Deserve Appropriate Consideration**

As calculated in the PSR, the guidelines provide for an advisory range of 360 months to life based upon a base offense level of 39 with a criminal history category V, as to Count 1. As such, the guidelines accurately capture the circumstances of the conduct. The United States submits that a sentence of 360 months, which is at the bottom of the range accomplishes the goal of avoiding unwarranted sentencing disparities and adequately punishes the offender while protecting society from future crimes by the defendant.

## IV.    CONCLUSION

Accordingly, the United States respectfully requests this Court to impose a sentence of 360 months, to be followed by a term of supervised release.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Elizabeth A. Geraghty
ELIZABETH A. GERAGHTY (0072275)
S. COURTER SHIMEALL (0090514)
Assistant United States Attorneys
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Elizabeth.Geraghty@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 21st day of March 2023, electronically on counsel for Defendant.

                                        s/Elizabeth A. Geraghty
                                        ELIZABETH A. GERAGHTY (0072275)
                                        Assistant United States Attorney